IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BLANCA VALDEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 1:21-cv-659 |
| | § § | |
| RYDER INTEGRATED LOGISTICS OF TEXAS, LLC and RYDER INTEGRATED LOGISTICS, INC. | § § § | JURY DEMANDED |
| Defendants. | § § | |

**COMPLAINT**

Plaintiff BLANCA VALDEZ ("Plaintiff") complains of RYDER INTEGRATED LOGISTICS OF TEXAS, LLC and RYDER INTEGRATED LOGISTICS, INC. and for her cause of action would show the Court as follows:

**I.**

**INTRODUCTION**

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act.

**II.**

**PARTIES**

2. Plaintiff BLANCA VALDEZ is a resident of Bastrop County, Texas.

3. Defendant RYDER INTEGRATED LOGISTICS OF TEXAS, LLC is an entity which may be served with process by serving its registered agent, Corporate Creations Network Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

4. Defendant RYDER INTEGRATED LOGISTICS, INC. is an entity which may be served with process by serving its registered agent, Corporate Creations Network Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

5. At all times relevant to this lawsuit, Defendants were Plaintiff's employer or joint employer.

## III.

## JURISDICTION AND VENUE

6. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Texas Commission on Human Rights Act in accordance with those statutes' provisions against sex discrimination and retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex and on account of retaliation for participating in activity protected under Title VII and the Texas Commission on Human Rights Act.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

8. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

IV.

## CONDITIONS PRECEDENT

9. All conditions precedent have been performed or have occurred.

V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

10. Plaintiff was hired by Defendants on October 7, 2018, as a Kit Audit/Detrash employee. Ms. Valdez held that position throughout the course of her employment with the Defendants.

11. During the time Ms. Valdez was employed by Defendants, she went through a period of estrangement from her husband. During that time, she became involved in consensual and sometimes flirtatious behavior, including in text messages, with a co-worker named Jarrod. Ms. Valdez and her husband reconciled in or around the winter of 2019. When they reconciled, Ms. Valdez told Jarrod that she was no longer interested in him.

12. Though Ms. Valdez had told Jarrod that she was no longer interested in him, Jarrod continued to pursue Ms. Valdez. He began stalking her at work, asking her out, describing sexual acts that he wanted to do with her, trying to chat with her on Facebook, and touching her inappropriately on the job.

13. On or around December 16, 2019, Ms. Valdez's husband anonymously called Defendants' employee hotline and reported that Jarrod was harassing Ms. Valdez. When Ms. Valdez arrived at work after her husband's report, an HR representative named Barbara Motley asked her about the report. Ms. Valdez told Ms. Motley that the report had been made by her husband, and explained that Jarrod was continuing his harassing behavior even though she had asked him to stop.

14. Ms. Motley told Ms. Valdez to go home and that she would be able to return to work when the investigation was completed. Ms. Valdez left the premises at that point.

15. On December 18, 2019, Ms. Motley sent Ms. Valdez a text message asking her if she had any text messages from Jerrod. She told Ms. Motley that she did, and forwarded several, including a banana emoji with the text "you want that banana," a text that said "can I get some of that good ass wet pussy" and one more that said "so cute can you come to work tomorrow morning so I can eat that pussy please."

16. On December 19, 2019, Ms. Valdez texted Ms. Motley and asked: "do you know how much more the investigation is going to take?" Ms. Motley did not respond.

17. On January 2, 2020, Ms. Motley texted Ms. Valdez to say "I will call you tomorrow." She also texted "I tried a few times and could not get through." However, she had not actually tried to call Ms. Valdez.

18. Ms. Valdez texted Ms. Motley back on January 2 and said: "this is blanca do you know when I'm returning to work." Ms. Motley did not respond. Instead, on January 13, 2020, Ms. Motley called Ms. Valdez and told her that her employment was being terminated. The reasons given were "violation of our attendance policy, our non-Harassment policy, and filing a false report."

19. Additionally, on September 11, 2019, Ms. Valdez provided the U.S. Equal Employment Opportunity Commission with a three-page statement providing information in support of a Charge of Discrimination filed against Defendants by William Mack, who is her husband (Charge No. 451-2019-01880).

20. After Ms. Valdez submitted that statement to the E.E.O.C., Defendants began a pattern of retaliating against her. She was given absence points that were not warranted, written

up for attendance, not allowed to submit doctor's notes, and denied the opportunity to take time off for conferences at her children's school. She was also denied promotions to the following positions: Quality Inspector, Customer Service, Inventory Control, Lead, and a move to third shift.

## VI.

## CAUSES OF ACTION

**COUNT ONE - DISCRIMINATION AND RETALIATION UNDER TITLE VII**

21. Plaintiff filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission (EEOC) on January 21, 2020, within 180 days of the last discriminatory and retaliatory act, her termination on January 13, 2020. Plaintiff received a notice of the right to sue from the EEOC dated April 29, 2021, which is within 90 days of the filing of this Complaint.

22. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and retaliated against for participating in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

23. Defendants are employers within the meaning of Title VII.

24. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, becauseof such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

25. Defendants intentionally discriminated against Plaintiff because of her gender and her opposition to Defendants' discriminatory conduct.

26. Defendants intentionally discriminated against Plaintiff because of her gender (female) in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to subjecting Plaintiff to different terms and conditions of employment from her male peers and by terminating her employment. Defendants' decisions were motivated by Plaintiff's gender, and by Plaintiff's opposition to Defendants' discriminatory conduct. Plaintiff made a discrimination complaint and opposed discriminatory practices by Defendants, and suffered adverse employment actions as a result. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT TWO - DISCRIMINATION AND RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

27. <u>Discrimination.</u> The conduct of the Defendants towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of gender, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

28. Plaintiff's gender was a determining or motivating factor in Defendants' employment decisions regarding Plaintiff as described above, including the decision to subject Plaintiff's to disparate terms and conditions of her employment and to terminate Plaintiff's

employment. Plaintiff's gender moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

29. <u>Retaliation.</u> In addition, Defendants retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing gender discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendants' employment decisions regarding Plaintiff, as described above, including the decision to terminate Plaintiff's employment.

## VII.

## DAMAGES

30. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

31. Defendants intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

32. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

33. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

## JURY DEMAND

34. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF